```
MARC E. MAYER (SBN 190969)
  mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AM GENERAL LLC, | Misc Case No.  2:18-mc-157 |
| Plaintiff, | S.D.N.Y. Case No. 1:17-cv-8644 |
| v. | **NOTICE OF MOTION AND JOINT STIPULATION RE MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENAS TO GLOBAL ICONS, LLC** |
| ACTIVISION BLIZZARD, INC.; ACTIVISION PUBLISHING, INC., MAJOR LEAGUE GAMING CORP., | |
| Defendants. | **DATE:**     December 3, 2018 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN**:

**PLEASE TAKE NOTICE** that on December 3, 2018, 2018, at  tbd  .m. in Courtroom  tbd  of the United States District Court, Defendants Activision Blizzard, Inc., Activision Publishing, Inc., and Major League Gaming Corp. (collectively, "Activision") will, and hereby does, move this Court for an order compelling third party Global Icons, LLC ("Global") to comply with two subpoenas (one for documents and one for testimony) issued by Activision Publishing, Inc. ("Activision") in the above-entitled action currently pending in the U.S. District Court for the Southern District of New York (the "Action").

Specifically, by this Motion Activision requests that the Court order that Global Icons (1) comply with electronic discovery obligations, and (2) make a representative for deposition.

This motion is based upon this Notice of Motion; the concurrently-filed Joint Stipulation; and such further evidence and arguments as may be presented at or before any hearing on the motion.

DATED: November 7, 2018         MARC E. MAYER
                                MITCHELL SILBERBERG & KNUPP LLP


                                By: /s/ Marc E. Mayer
                                    Marc E. Mayer
                                    Attorneys for Defendants

1  MARC E. MAYER (SBN 190969)
     mem@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, CA 90064
   Telephone:  (310) 312-2000
4  Facsimile:   (310) 312-3100

5  Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| AM GENERAL LLC, | Misc Case No.  2:18-mc-157 |
|---|---|
| Plaintiff, | S.D.N.Y. Case No. 17 Civ. 8644 |
| v. | **JOINT STIPULATION RE MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENAS TO GLOBAL ICONS, LLC** |
| ACTIVISION BLIZZARD, INC.; ACTIVISION PUBLISHING, INC., MAJOR LEAGUE GAMING CORP., | |
| Defendants. | |

# INTRODUCTORY STATEMENTS

## Activision's Introductory Statement

This Motion to Compel is necessitated by the longstanding and inexcusable failure of Global Icons LLC ("Global Icons") to comply with two subpoenas (one for documents and one for testimony) issued by Activision Publishing, Inc. ("Activision") in the above-entitled action currently pending in the U.S. District Court for the Southern District of New York (the "Action"). For more than three months, Activision has attempted to work with Global Icons to obtain all of its responsive documents and a witness to provide testimony. Global Icons has not only refused to provide deposition dates or a specific date by which it would complete its document production, but now has almost completely refused to respond to Activision's repeated emails.

In the underlying action, Plaintiff AM General, the alleged owner of trademark and trade dress rights in the "Humvee" military vehicle, claims that Activision infringed its rights by including depictions of the Humvee vehicle in certain of its *Call of Duty* video games released between 2007 and 2013. AM General claims that as a result of Activision's use, members of the public are likely to be confused or misled into believing that AM General sponsored, endorsed, or approved the *Call of Duty* video games at issue. As damages, AM General is seeking the reasonable value of a license for the allegedly infringing use. Among Activision's defenses to AM General's claims is that the use of the "Humvee" trademark and trade dress is protected by the First Amendment as articulated in cases such as *Rogers v. Grimaldi,* 875 F.2d 994 (2d Cir. 1989); *E.S.S. Entertainment 2000 v. Rock Star Videos*, 547 F.3d 1095 (9th Cir. 2008); *Brown v. Electronic Arts, Inc.,* 724 F.3d 1235 (9th Cir. 2013); and *Novalogic v. Activision Blizzard, Inc.,* 41 F. Supp. 3d 885 (N.D. Cal. 2013). Activision also has argued that the extensive unlicensed use of the Humvee in popular media makes it unlikely that members of the public will be confused or misled by the use.

Since at least 2003, Global Icons has acted as the *exclusive* "worldwide licensing representative" for AM General in connection with the licensing of the Humvee trademark and trade dress. As licensing representative, Global Icons was tasked with monitoring for potential infringements, locating and identifying potential licensees, collecting royalties, and coordinating licensing activity. Global Icons has a direct financial interest in Humvee licenses; its compensation is directly tied to the licenses it procured for AM General. Thus, Global Icons is not an uninterested or tangential third party; it stands in the shoes of AM General with respect to all licensing and enforcement activity.

During its 15 years as licensing representative, Global Icons extensively monitored the marketplace for the unauthorized use of the Humvee, including in audiovisual works, such as video games, motion pictures, and television programs. It sent a few demand letters to video game developers and publishers. It also apparently negotiated (or attempted to negotiate) dozens of license agreements. As a result, Global Icons has unique knowledge about a variety of issues directly related to this action, such as AM General's policies and priorities concerning the unauthorized use of Humvees in audiovisual works; its knowledge of the *Call of Duty* games and apparent decision not to take action on them until 2017 (between four and ten years after the fact); the reasonable value of a license for the allegedly infringing use; and communications with other video game companies on trademark issues.

On *May 25, 2018*, Activision served a subpoena on Global Icons, seeking several categories of documents broadly related to its licensing activities for AM General. This was followed by both informal requests for a deposition and a formal deposition subpoena. For more than *five months*, Global Icons has delayed and stonewalled, apparently hoping to run down the clock. The discovery cut-off in this case is *December 7, 2018*. Yet as of today, despite dozens of email and letter requests, Activision still does not have (1) proposed dates for a deposition, or

1  (2) a commitment to conduct electronic discovery.  In the meantime, Global Icons
2  continues to ignore Activision's emails and letters.  Because it has become
3  apparent that without a court order Global Icons will continue to drag its feet,
4  Activision has brought this Motion.

5      Accordingly, the Court should order that (1) Global Icons immediately
6  produce all responsive electronic documents generated by Activision's proposed
7  search terms, and (2) make a witness available for deposition between seven and
8  ten days after that supplemental production.

### Global Icons' Introductory Statement

10      Global Icons LLC ("Global Icons") is a third party to a litigation between
11  trademark owner AM General LLC and video game publisher Activision
12  Publishing, Inc. ("Activision").  Global Icons does not dispute Activision's rights
13  to documents and testimony pursuant to the subpoenas served on Global Icons, and
14  has produced all documents that were subject to the parties' agreement.  However,
15  Global Icons cannot adequately respond to this motion because, as explained to
16  Activision, counsel for Global Icons has just transitioned from DLA Piper (US) to
17  Venable LLP.  At the time of this filing, DLA has not transferred Global Icons'
18  electronic or paper files and thus counsel lacks access to its communications with
19  Activision, and the documents that have already been produced.  Until Global
20  Icons' representation and files are transferred, including the electronic database
21  storing Global Icons' files and documents, Global Icons is unable to substantively
22  respond to this motion or further produce documents.  Similarly, the deposition of
23  Global Icons' representative, Mike Gard, cannot take place until Global Icons'
24  representation and files have been transferred.  This process is expected to be
25  completed no later than week on November 12, 2018.

Mitchell Silberberg & Knupp LLP
B502189.1

3
NOTICE OF MOTION AND JOINT STIPULATION RE MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENAS TO GLOBAL ICONS, LLC

# ISSUES IN DISPUTE

## I. ISSUE 1: GLOBAL ICONS' FAILURE TO COMPLY WITH ELECTRONIC DISCOVERY OBLIGATIONS.

### A. Activision's Statement

It is well-established, including under the plain language of Fed. R. Civ. P. 45, that third parties are subject to the same electronic discovery obligations as are parties to the lawsuit. *See* Advisory Committee Notes to Rule 45 (2006) ("Rule 45 is amended to conform the provisions for subpoenas to changes in other discovery rules, largely related to discovery of electronically stored information.") *See also Premier Election Sols., Inc. v. Systest Labs Inc.*, No. 09-CV-01822, 2009 WL 3075597, at *5 (D. Colo. Sept. 22, 2009) (non-party status does not relieve nonparty of obligations to respond and comply with proper discovery requests); *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 34 F. Supp. 2d 47, 50 (D.D.C. 1998) (stating that parties and nonparties are equally required to comply with discovery obligations outlined in Federal Rules of Civil Procedure). Nevertheless, Global Icons has consistently failed to conduct *any* searches of electronic documents. Instead, the entirety of its production has consisted of PDF copies of paper documents.

In an effort to reach agreement on this issue, Activision has made a very modest e-discovery proposal. Activision's proposal requested that Global Icons conduct a search of only four custodians, using a very limited range of keywords:

- ("AM General" OR Humvee* OR HMMWV* OR Hummer*) **AND** (videogame* OR "video game*" OR movie* OR "motion picture" OR film* OR "First Amendment" OR "Xbox" OR "Playstation")
- "Call of Duty" OR "Activision" OR "Modern Warfare" OR "MW2" OR "MW3" OR "Black Ops"
- ("AM General" OR Humvee* OR HMMWV* OR Hummer*) **AND** ("THQ" OR "Codemasters" OR "Infogrames" OR "Take 2" OR "Take2" OR

1  "Take Two" OR "Take-Two" OR "Rockstar" OR "EA" OR "Electronic Arts" OR
2  "Novalogic" OR "Homefront" OR "GTA V" OR "Grand Theft Auto" OR
3  "Battlefield" OR "SOCOM*" OR "ArmA" OR "Squad" OR "Operation
4  Flashpoint")

These keywords are designed to capture any correspondence or discussions concerning either (1) the use of the Humvee in video games or other audiovisual works, or (2) the Activision video games at issue.  Specifically, the keywords should enable Global Icons to collect and produce any discussion about whether to approve or not approve the use of the Humvee in video games, whether AM General had any right to prevent filmmakers and game developers from depicting the Humvee, how much to charge for such uses, and whether AM General and Global Icons were aware of the *Call of Duty* games at the time they were released to the public.

Global Icons has not claimed that the requested electronic discovery is unduly burdensome.  Nor can it.  Accordingly, Global Icons should be ordered to comply with its electronic discovery obligations – and, specifically, to run the keywords on the emails of the four custodians – within ten days.  Global Icons also should be ordered to provide a privilege log for any documents that it has withheld or intends to withhold on the grounds of attorney-client privilege or attorney work-product.

### B.  Global Icons' Statement

First, Activision has not complied with the procedural requirements of Local Rule 37-1 and 45 in that the moving party must make efforts to participate in an in-person conference of counsel prior to filing a joint stipulation.  Activision made no such request and no in-person conference of counsel took place prior to Activision's service of its portion of this joint stipulation.   Second, as explained above, Global Icons is presently unable to substantively respond to this motion, or produce further documents, until its electronic files and databases are transferred to

new counsel. That process should be completed no later than the week of November 12, 2018, thus mooting Activision's motion.

## II. ISSUE 2: GLOBAL ICONS' FAILURE TO MAKE A WITNESS AVAILABLE FOR DEPOSITION.

### A. Activision's Statement

There is no dispute that Global Icons' representatives, including its CEO Mike Gard and its attorney Christine Sovich, possess unique knowledge that is highly relevant to this dispute. At the core of this dispute is whether Global Icons had the right to control the use of the Humvee in audiovisual works, and if so, what the value of a license would be for the alleged use. Global Icons was AM General's *exclusive licensing agent*. Global Icons' representatives exchanged letters and emails with third party infringers and discussed infringement claims with them. They negotiated the terms of licenses for the use of AM General's purported trademarks and trade dress. They communicated with third parties about how AM General's trademarks and trade dress may be used by third parties. They made decisions about when to enforce AM General's purported trademarks rights and when not to do so (for example, when used in movies, books, and video games). They presumably prepared business plans and proposals concerning licensing strategies.

Activision first requested that Global Icons provide dates for its witnesses in a letter dated *July 18, 2018*. After two weeks of prodding by Activision, on August 1, 2018, Global Icons agreed to provide deposition dates, but claimed that because of its counsel's busy trial schedule the deposition could not take place until after the month of August 2018. Unfortunately, Global Icons never provided *any* proposed dates, either for a September deposition or later.

On September 27, Activision requested a meet-and-confer with Global Icons to discuss this issue, along with other issues. Global Icons never responded. Thus, on October 3, 2018, Activision served a second subpoena on Global Icons for the

deposition of a Global Icons representative. The deposition was set for October 19, 2018. ***Global Icons did not respond to the subpoena and did not appear for the deposition.*** Nor did it serve any objections or offer alternative dates. As a result, Global Icons is now in direct violation of the subpoena.

Global Icons has no basis for its refusal to appear for the deposition or, at minimum, provide alternative dates. Indeed, Activision has been extremely accommodating, both to Global Icons and its counsel. Because the discovery cut-off is fast-approaching, Activision simply cannot wait any longer. Accordingly, the Court now must order Global Icons to appear for deposition within 14 days of its production of the electronic documents set forth above.

### B. Global Icons' Statement

Global Icons intends to produce its representative, Mike Gard, for deposition in this matter. However, as explained above, the deposition cannot be set until Global Icons' representation and files are transferred to the Venable because, among other things, Mr. Gard is unable to review the applicable documents to prepare for his deposition. As stated, Global Icons expects the transfer of files to occur no later than the week of November 12, 2018, at which time it will provide Activision with available dates for Mr. Gard's deposition.

DATED: November 7, 2018

MARC E. MAYER
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
    Marc E. Mayer
    Attorneys for Defendants

DATED: November 7, 2018

VENABLE LLP

By: /s/ Ellyn S. Garofalo
    Ellyn S. Garofalo
    Attorneys for Third Party
    Global Icons LLC

**Attestation Regarding Signatures**

I, Marc E. Mayer, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 7, 2018

/s/ Marc E. Mayer
Marc E. Mayer